F I L E D
03/26/2026
*Amy McGhee*
CLERK
Missoula County District Court
STATE OF MONTANA
By: Michelle Mills
DV-32-2026-0000333-BC
Elliott, Tara
5.00

Hon. Tara J. Elliott
District Court Judge
Department No. 2
Missoula County Courthouse
Missoula, Montana 59802
(406) 258-4772

MONTANA FOURTH JUDICIAL DISTRICT COURT
MISSOULA COUNTY

| | |
|---|---|
| RATTLER HOLDINGS, LLC D/B/A PLANETARY DESIGN,<br><br>*Plaintiff*,<br><br>*v.*<br><br>GREYSTONE INDUSTRIES, LLC D/B/A CRE DISTRIBUTORS, AND CY VENTURES, LLC D/B/A Z ESSENTIALS,<br><br>*Defendants*. | DEPARTMENT NO.: 2<br>CAUSE NO.: DV-32-2026-0000333<br><br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND SHOW CAUSE HEARING** |

This matter is before the Court upon Plaintiff's Application for a temporary restraining order and an order setting a show cause hearing on why a preliminary injunction should not issue. The Court has considered the Application, the evidence in the record, and the applicable law.

Plaintiff's Application moves under Mont. Code Ann. § 27-19-315 for entry of a temporary restraining order that:

A. Prohibits Defendants from advertising, selling, transferring, or otherwise harming Plaintiff's Airscape® products; and

B. Prohibits those in privity with Defendants, and those who are either intentionally or unintentionally aiding and abetting Defendants' efforts to sell Plaintiff's Airscape® products (including Amazon.com) who receive notice of this Order, from providing Defendants and any of their affiliates (including the Amazon storefront for "Z Essentials", Amazon Seller ID # A3G5NP1LKGJ9F6) an e-commerce platform for the advertisement, sale, transfer, or distribution of Plaintiff's Airscape® products.

Because Plaintiff has satisfied the requirements for the issuance of a temporary retraining order, and good cause is shown, the Court grants Plaintiff's Application.

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. Plaintiff, Rattler Holdings, LLC d/b/a Planetary Design ("PD"), is a Missoula County, MT based company that designs, manufactures, and sells innovative coffee brewing equipment, drinkware, and storage products that are tailored for durable on-the-go use.

2. One of PD's patented product lines are food storage containers that it sells under the registered trademark Airscape® ("Airscapes").

3. PD has invested significant business resources into developing a sales channel for its products on Amazon.com ("Amazon") and it protects this business investment by explicitly prohibiting wholesale buyers of its

products from reselling on Amazon.

4. Defendant Greystone Industries, LLC is California company conducting business under the trade name CRE Distributors ("CRE") that chose to conduct business in Montana by soliciting a wholesale order of Airscapes from PD. CRE advertises itself as providing consume products to its customers to give away as gifts and promotional items and does not hold itself out as consumer seller.

5. PD sold approximately 7,500 Airscapes at a highly discounted wholesale rate to CRE under the agreed upon and material conditions that: (1) the Airscapes would be given away as promotional gifts; and (2) the Airscapes would not be resold on e-commerce platforms, including Amazon.com.

6. In immediate violation of its promises and agreement with PD, CRE arranged to transfer the Airscapes to a New York company, Defendant CY Ventures, LLC ("CY") whose primary business is to operate e-commerce storefronts that resell consumer goods throughout the United States, including in Montana.

7. CY, who has been associated with unauthorized seller schemes, operates an Amazon.com storefront called "Z Essentials" with an Amazon Seller ID of A3G5NP1LKGJ9F6.

8. Beginning on or around March 5, 2026, Z Essentials began selling the Airscapes it received from CRE under Amazon ASIN numbers

B09NP55LSG; B00167XN14; B085S31ZCX; B085R9968X; B0CFWM2FT4; B0CFWLYMB6; B085RYGHT9; B09NP7C6R7; B09NP4ZMFS; B0CFWNZL3N; and B0CFX4VMQ2.

9. PD has never sold products to CY and the Airscape inventory being sold by on CY's Z Essentials Amazon storefront is identical to the Airscape inventory that PD was deceived into transferring to CRE.

10. CY is manipulating the pricing of Z Essentials' Amazon Airscape sales to undercut and lure consumers away from PD's Amazon sales channel.

11. CRE obtained Airscapes at a wholesale, discounted price from PD by willfully misleading PD about the intended purpose of the transaction and CRE had no legal right to the Airscapes.

12. The timing and circumstances by which CRE's Airscapes appeared on the Z Essentials Amazon storefront is indicative of coordinated unauthorized resale scheme requiring planning and coordination between CRE and CY.

13. CY knows, or should know, that the Airscapes it is now selling on its Z Essentials storefront were not legitimately obtained by CRE and CY was not a good faith purchaser for value.

14. PD has established that it is likely to succeed on the merits of its claims. More specifically, PD can clearly prove that neither Defendant has rightful title or possession of its Airscapes and have no right to sell them.

15. PD has established that unless the Court orders injunctive relief it will suffer

escalating irreparable harm.

16. The balance of the equities tip in PD's favor.

17. Injunctive relief is in the public interest.

18. Issuing this order without a hearing is appropriate because PD has presented specific facts, supported by admissible evidence, clearly showing that without the court's intervention it will suffer increasing irreparable harm.

Accordingly, the Court orders that:

A. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from advertising, offering for sale, selling, disposing, passing off, transferring, or otherwise harming PD's Airscape products.

B. Upon request, any third party with actual notice of this order who is aiding and abetting Defendants' efforts to sell PD's Airscapes, either intentionally or unintentionally, is temporarily enjoined and restrained from providing services in connection with Defendants' sale of PD's Airscapes, including Amazon.com, where Defendant CY is actively selling PD's Airscapes on its Z Essentials storefront (Amazon Seller ID A3G5NP1LKGJ9F6) with the following ASINs: B09NP55LSG; B00167XN14; B085S31ZCX; B085R9968X; B0CFWM2FT4; B0CFWLYMB6; B085RYGHT9; B09NP7C6R7;

B09NP4ZMFS; B0CFWNZL3N; and B0CFX4VMQ2.[1]

**C.** The Court shall hold a show cause hearing on Applicant's request for a Preliminary Injunction on **Wednesday, April 1, 2026 at 2:30 p.m.**

**D.** This Temporary Restraining Order is entered at 2:49 p.m. on the 26th day of March, 2026 and shall remain in effect for 10 days and may only be extended pursuant to Mont. Code Ann. § 27-19-317.

**<u>ELECTRONCIALLY SIGNED AND DATED BELOW</u>**

---

[1] The relief ordered herein is not intended to be limited to the Z Essentials Amazon storefront, but is intended to apply to any e-commerce account utilized by Defendants.

Electronically Signed By:
Hon. Judge Tara Elliott
Thu, Mar 26 2026 02:49:48 PM